LEE LITIGATION GROUP, PLLC
C.K. Lee (CL 4086)
Taimur Alamgir (TA 9007)
148 West 24th Street, 8th Floor
Tel.: (212) 465-1188
Fax: (212) 465-1181
*Attorneys for Plaintiff, FLSA Collective Plaintiffs and the Class*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

SANTIAGO ROCAEL PEREZ RAMIREZ,
*on behalf of himself, FLSA Collective Plaintiffs,*
and the Class,

                    Plaintiff,

    v.

A SPICE ROUTE, INC.
d/b/a TANDOOR PALACE,
SATYA FOODS INC.
d/b/a A SAFFRON THREAD,
INDERJEET SINGH,
and MANVEEN SINGH,

                      Defendants.

**CLASS AND COLLECTIVE ACTION COMPLAINT**

Jury Trial Demanded

---

      Plaintiff, SANTIAGO ROCAEL PEREZ RAMIREZ, on behalf of himself, FLSA Collective Plaintiffs and Class Members, by and through his undersigned attorneys, hereby files this Class and Collective Action Complaint against Defendants A SPICE ROUTE, INC., d/b/a TANDOOR PALACE, SATYA FOODS INC. d/b/a A SAFFRON THREAD ("Corporate Defendants"), INDERJEET SINGH, and MANVEEN SINGH ("Individual Defendants") and together with Corporate Defendants, "Defendants") and states as follows:

1

## INTRODUCTION

1. Plaintiff alleges, pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. §§201 *et. seq.* ("FLSA"), that he and others similarly situated are entitled to recover from Defendants: (1) unpaid minimum wages, (2) unpaid overtime premium, (3) liquidated damages, and (4) attorneys' fees and costs. Plaintiff further alleges that he is individually entitled to damages based on retaliation that he suffered, in violation of FLSA.

2. Plaintiff further alleges that, pursuant to the New York Labor Law ("NYLL"), he and other similarly situated are entitled to recover from Defendants: (1) unpaid minimum wages, (2) unpaid overtime premium, (4) unpaid spread of hours premium, (5) statutory penalties, (6) liquidated damages, and (7) attorneys' fees and costs. Plaintiff further alleges that he is individually entitled to damages based on retaliation that he suffered, in violation of the NYLL.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over this controversy pursuant to 29 U.S.C. §216(b), 28 U.S.C. §§1331, 1337, and 1343, and has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §1367.

4. Venue is proper in the Southern District pursuant to 28 U.S.C. §1391.

## PARTIES

5. Plaintiff, SANTIAGO ROCAEL PEREZ RAMIREZ, for all relevant time periods, was a resident of New York County, New York.

6. Defendants own and collectively operate two Indian restaurants, "Tandoor Palace" and "A Saffron Thread" (together "the Restaurants"). The Restaurant premises are located at the following addresses in Downtown Manhattan:

   a) Tandoor Palace - 88 Fulton St, New York, NY 10038

2

  b) A Saffron Thread - 98 Chambers St, New York, NY 10007

7. Corporate Defendants:

   a) A SPICE ROUTE, INC. d/b/a TANDOOR PALACE, is a domestic corporation organized under the laws of the State of New York with an address for service of process and principal place of business located at 88 Fulton Street, New York, New York 10038.

   b) SATYA FOODS INC. d/b/a A SAFFRON THREAD is a domestic corporation organized under the laws of the State of New York with an address for service of process and principal place of business located at 98 Chambers St, Ste. 101, New York, New York 10007.

8. Individual Defendants:

   a) INDERJEET SINGH is a shareholder and principal of Corporate Defendant, and the husband of his co-Defendant, MANVEEN SINGH. INDERJEET SINGH exercises operational control as it relates to all employees including Plaintiff, FLSA Collective Plaintiffs and the Class. He exercises the power to fire and hire employees, supervise and control employees work schedules and conditions of employment, and determine the rate and method of compensation of employees including those of Plaintiff, FLSA Collective Plaintiffs and the Class. At all time, employees could complain to INDERJEET SINGH directly regarding any of the terms of their employment and INDERJEET SINGH would have the authority to effect any changes to the quality and terms of employees' employment, including changing their schedule, compensation, or terminating or hiring such employees.

b) MANVEEN SINGH is a shareholder and principal of Corporate Defendant. MANVEEN SINGH exercises with her husband INDERJEET SINGH operational control as it relates to all employees including Plaintiff, FLSA Collective Plaintiffs and the Class. She exercises the power to fire and hire employees, supervise and control employees work schedules and conditions of employment, and determine the rate and method of compensation of employees including those of Plaintiff, FLSA Collective Plaintiffs and the Class. At all time, employees could complain to MANVEEN SINGH directly regarding any of the terms of their employment and MANVEEN SINGH would have the authority to effect any changes to the quality and terms of employees' employment, including changing their schedule, compensation, or terminating or hiring such employees.

9. Tandoor Palace and A Saffron Thread operate as a single integrated enterprise:

a) The Corporate Defendants share a common management and ownership. Individual Defendants INDERJEET SINGH and MANVEEN SINGH are both principals and shareholders of the Corporate Defendants and collectively manage the two Restaurants.

b) Corporate Defendants have the common business purpose of operating Indian restaurants in New York City and share a similar look and feel.

c) The menus of the two Restaurants are virtually identical. The menus list nearly-identical daily specials and the same prices for all common food items. Furthermore, Defendants' Restaurants share a single "Catering Menu" for catering orders from both Restaurants.

d) Non-exempt employees of Corporate Defendants are fully interchangeable. During Plaintiff's employment by Defendants, Defendants frequently transferred employees, including Plaintiff, between the Restaurants on an as-needed basis. Defendants also directed employees, including Plaintiff, to transport goods and supplies from one restaurant location to the other as needed.

10. At all relevant times, each of Defendants A SPICE ROUTE, INC. d/b/a TANDOOR PALACE and SATYA FOODS INC. d/b/a/ A SAFFRON THREAD, had been and continue to be an "enterprise engaged in commerce", within the meaning of the FLSA.

11. At all relevant times, the work performed by Plaintiff, FLSA Collective Plaintiffs, and the Class was directly essential to the business operated by Defendants.

12. Plaintiff primarily worked at Tandoor Palace. However, on a frequent basis, Plaintiff was directed by Defendants, or by managers conveying instructions of Defendants to take shifts and to deliver goods and supplies from Tandoor Palace to A Saffron Thread. Plaintiff knows based on his personal observations and conversations with other non-exempt employees, that the Restaurants share identical illegal wage and hour policies. Both of Defendants' Restaurants are thus properly named in this Class and Collective Action Complaint on the basis of the Restaurants outstanding liability to the Class members for whom Plaintiff seeks to represent.

## FLSA COLLECTIVE ACTION ALLEGATIONS

13. Plaintiff brings claims for relief as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all non-exempt employees, including, but not limited to, all cashiers, dishwashers, food preparers, cooks, line-cooks, barbacks, bartenders, waiters, busboys, servers, and delivery persons, employed by Defendants at the Restaurants on or after the date that

is six years before the filing of the Complaint in this case as defined herein ("FLSA Collective Plaintiffs").

14. At all relevant times, Plaintiff and the other FLSA Collective Plaintiffs are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subjected to Defendants' decisions, policies, plans, programs, practices, procedures, protocols, routines, and rules, all culminating in a willful failure and refusal to pay them the federal minimum wage or overtime premium at the rate of one and one half times the regular rate for work in excess of forty (40) hours per workweek. The claims of Plaintiff stated herein are essentially the same as those of the other FLSA Collective Plaintiffs.

15. Furthermore, a subclass of all FLSA Collective Plaintiffs who were tipped employees (including waiters, servers, busboys, bartenders, barbacks, and delivery persons) also suffered as a result of Defendants' failure to pay them the proper minimum wage due to an unlawful tip credit. Defendants were not entitled to deduct any tip credits from the wages earned by the Tipped Subclass, because they failed to satisfy all FLSA requirements for taking a tip credit. Specifically, Defendants (i) failed to provide proper notice to the Tipped Subclass that a tip credit was being claimed, and (ii) required Plaintiff and Tipped Subclass Members to spend at least two (2) hours of each shift engaged in non-tipped activities. Plaintiff was a member of both the FLSA Collective and the Tipped Subclass.

16. The claims for relief are properly brought under and maintained as an opt-in collective action pursuant to §16(b) of the FLSA, 29 U.S.C. 216(b). The FLSA Collective Plaintiffs are readily ascertainable. For purposes of notice and other purposes related to this action, their names and addresses are readily available from the Defendants. Notice can be provided to the FLSA Collective Plaintiffs via first class mail to the last address known to Defendants.

## RULE 23 CLASS ALLEGATIONS

17. Plaintiff further brings claims for relief pursuant to the Federal Rules of Civil Procedure ("F.R.C.P.") Rule 23, on behalf of all non-exempt employees, including all cashiers, dishwashers, food preparers, cooks, line-cooks, barbacks, bartenders, waiters, busboys, servers, and delivery persons employed by Defendants on or after the date that is six years before the filing of the Complaint in this case as defined herein (the "Class Period").

18. All said persons, including Plaintiff, are referred herein as "the Class." The Class members are readily ascertainable. The number and identity of the Class members are determinable from the records of Defendants. The hours assigned and worked, the position held, and rates of pay for each Class member may also be determinable from Defendants' records. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided by means permissible under F.R.C.P. 23.

19. The proposed Class is so numerous such that a joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the Court. Although the precise number of such persons is unknown because the facts on which the calculation of that number rests presently within the sole control of Defendants, there is no doubt that there are more than forty (40) members of the Class.

20. The Class further includes a subclass of tipped employees comprised of waiters, servers, bussers, bartenders, barbacks, delivery persons, and busboys ("Tipped Subclass") who also number more than forty (40). Plaintiffs is a member of the Class and the Tipped Subclass.

21. Plaintiff's claims are typical of those claims that could be alleged by any member of the Class, and the relief sought is typical of the relief, that would be sought by each member of the Class in separate actions. All the Class members were subject to Defendants' corporate practices

of (i) failing to pay minimum wage, (ii) failing to pay the overtime premium at the rate of one and one half times the regular rate for work in excess of forty (40) hours per workweek (iv) failing to pay spread-of-hours premium for shifts exceeding ten (10) hours in duration, (v) failing to provide wage and hour notices in compliance with the requirements of the NYLL, and (vi) failing to provide wage statements in compliance with the requirements of the NYLL. Defendants' corporate-wide policies and practices affected all Class members similarly, and Defendants benefited from the same type of unfair and/or wrongful acts as to each Class member. Plaintiffs and other Class members sustained similar losses, injuries and damages arising from the same unlawful policies, practices and procedures.

22. Further, Plaintiff and Tipped Subclass Members additionally suffered as a result of Defendants' failure to pay them the proper minimum wage and Defendants' unlawful misappropriation of the tips that they earned. Plaintiff and the Tipped Subclass members were subjected to Defendants' policy and practice of deducting a tip credit despite Defendants' failure to observe requirements of the NYLL. The tip credit violated the NYLL, Defendants (i) failed to provide adequate notice that a tip credit was being claimed, (ii) failed to record the tip credit allowance taken on periodic wage statements given to Plaintiff and Tipped Subclass members, and (iii) required Plaintiff and Tipped Subclass members to spend two (2) hours, or twenty percent (20%) of each shift engaged in non-tipped activities.

23. Plaintiff is able to fairly and adequately protect the interests of the Class and has no interests antagonistic to the Class. Plaintiff is represented by attorneys who are experienced and competent in both class action litigation and employment litigation and have previously represented plaintiffs in wage and hour cases.

24. A class action is superior to other available methods for the fair and efficient adjudication of the controversy – particularly in the context of the wage and hour litigation where individual class members lack the financial resources to vigorously prosecute a lawsuit against corporate defendants. Class action treatment will permit a large number of similarly situated persons to prosecute common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender. Because losses, injuries and damages suffered by each of the individual Class members are small in the sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual Class members to redress the wrongs done to them. On the other hand, important public interests will be served by addressing the matter as a class action. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant saving of these costs. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Class, establishing incompatible standards of conduct for Defendants and resulting in the impairment of class members' rights and the disposition of their interests through actions to which they were not parties. The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

25. Defendants and other employers throughout the state violate the New York Labor Law. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide class members

who are not named in the Complaint a degree of anonymity, which allows for the vindication of their rights while eliminating or reducing these risks.

26. There are questions of law and fact common to the Class which predominate over any questions affecting only individual class members, including:

    a) Whether Defendants employed Plaintiff and the Class within the meaning of the New York law;

    b) What are and were the policies, practices, programs, procedures, protocols and plans of Defendants regarding the types of work and labor for which Defendants did not pay the Class members properly;

    c) At what common rate, or rates subject to common methods of calculation, was and are Defendants required to pay the Class members for their work;

    d) Whether Defendants failed to pay Plaintiff and the Class at or above the prevailing New York State Minimum Wage.

    e) Whether Defendants required Plaintiff and Tipped Subclass Members to perform non-tipped work for more than two (2) hours, or twenty percent (20%) of each shift;

    f) Whether Defendants provided wage statements informing Plaintiffs and Class members of the amount of tip allowance taken for each payment period;

    g) Whether Defendants failed to pay Plaintiff and Class Members overtime premium at 1.5 times the regular pay rate for all hours worked in excess of forty (40) each workweek;

    h) Whether Defendants failed to pay Plaintiff and Class Members spread of hours premium for each shift exceeding ten (10) hours in duration;

    i) Whether Defendants provided to Plaintiff and Class Members proper wage and hour notices, at date of hiring and annually, as per requirements of the New York Labor Law; and

    j) Whether Defendants provided Plaintiff and Class Members proper tip credit notice in compliance with New York State Law.

    k) Whether Defendants provided to Plaintiff and Class Members proper wage statements with each payment of wages as required by New York Labor Law.

## STATEMENT OF FACTS

27. Plaintiff SANTIAGO ROCAEL PEREZ RAMIREZ was hired by Defendants to work as a delivery person at Tandoor Palace in or about June 2013. However, in addition to his primary position as a delivery person, Plaintiff was required by Defendants throughout his employment period to work 2 hours or more of each shift in the kitchen washing dishes or preparing food.

28. Plaintiff's employment by Defendants ended in June 2019 when he was terminated in retaliation for requesting that Defendants compensate him and his co-workers at the Restaurants in accordance with the FLSA and NYLL.

29. Throughout Plaintiff's employment period, on an as needed basis (which was, on average, bi-monthly), Plaintiff was directed by Defendants or by managers at Tandoor Place (following the instruction of INDERJEET SINGH or MANVEEN SINGH) to report to A Saffron Place and work a shift there instead of at Tandoor Place. In addition, throughout his employment period, approximately once per week, Plaintiff was directed by Defendants or managers (acting under the authority of either INDERJEET SINGH or MANVEEN SINGH) to deliver food and restaurant supplies from Tandoor Palace to A Saffron Place.

30. Plaintiff's approximate working hours during his employment by Defendants were as follows:

  i. From June 2013 to in or around June 2015, Plaintiff worked from approximately 9:00 AM to 6:00 PM, six days per week, for a total of approximately fifty-four (54) hours per workweek.

  ii. From June 2015 to in or around June 2017, Plaintiff worked from approximately 9:00 AM to 10:00 PM, six days per week, for a total of approximately seventy-eight (78) hours per workweek.

  iii. From June 2017 to in or around June 2019, Plaintiff worked from approximately 11:00 AM to 10:00 PM, six days per week, for a total of approximately sixty-six (66) hours per workweek.

31. At all times while employed by Defendants, Plaintiff was compensated on a fixed weekly basis irrespective of the number of hours worked in any given week:

  i. From approximately June 2013 until June 2015, Plaintiff was compensated at a fixed weekly rate of $325 per week. Divided by 54 hours (the approximate number of hours Plaintiff worked each week from June 2013 until June 2015) Plaintiff's fixed weekly pay for this period averaged out to approximately $6.02 per hour.

  ii. Then, from approximately June 2015 until June 2017, Plaintiff was paid at a fixed weekly rate of $425 per week. Divided by 78 hours (the approximate number of hours Plaintiff worked each week from June 2015 until June 2017) Plaintiff's fixed weekly pay for this period averaged out to approximately $5.45 per hour.

  iii. Finally, from approximately June 2017 to June 2019, when his employment by Defendants ended. Plaintiff was paid at a fixed weekly rate of $450 per week. Divided

by 66 hours (the approximate number of hours Plaintiff worked each week from June 2015 until June 2017) Plaintiff's fixed weekly pay for this period averaged out to approximately $6.82 per hour.

Like Plaintiff, FLSA Collective Plaintiffs and Class Members were also paid by Defendants at fixed weekly rates which resulted in a regular rate below the prevailing minimum wage.

32. Although Plaintiff regularly worked in excess of forty (40) hours per workweek during his employment by Defendants, Defendants never paid him overtime premium for weeks that he worked in excess of forty (40) hours, as required under the FLSA and NYLL. There was never any agreement that the fixed weekly salary that Defendants paid Plaintiff covered the overtime hours in excess of forty (40) that Plaintiff worked each week.

33. Similarly, FLSA Collective Plaintiffs and Class Members regularly worked in excess of forty (40) hours per workweek, but never received any overtime premium for the hours in excess of forty (40) that they worked each workweek. As with Plaintiff, there was never any agreement that the fixed weekly salaries that Defendants paid FLSA Collective Members or Class Members were intended to cover overtime hours in excess of 40 per week.

34. While employed by Defendants, Plaintiff was at all times compensated at rates that, on average, fell below both the federal and New York State minimum wage rates. Similarly, other FLSA Collective Members and Class Members were compensated by Defendants at hourly rates averaging below the prevailing federal and state minimum wages.

35. To the extent that Plaintiff and other tipped employees, including Tipped Subclass Members, were paid below the state and federal minimum wages pursuant to a "tip credit", such

tip credit was invalid, on account of Defendants' failure to meet federal and state requirements to take a tip credit.

36. Plaintiff and Tipped Subclass members did not receive any notice that Defendants were claiming a tip credit on tipped employees' compensation. They were never informed that Defendants were claiming a tip credit allowance, and never received any notice of the amount of tip credit allowance taken for each payment period during their employment, or of the hourly rate of tip credit deduction (in writing or otherwise).

37. Defendants failed to keep track of the daily amount in tips earned by Plaintiff and Tipped Subclass members. Defendants also failed to maintain proper employment records, as required by the FLSA and NYLL. Specifically, Defendants failed to record the tip allowance claimed on compensation earned by Plaintiff and Tipped Subclass Members

38. During his employment by Defendants, Plaintiff regularly worked shifts exceeding ten (10) hours in duration. However, he never received any spread of hours premium for working such shifts, as required under the NYLL. Similarly, Class Members regularly worked shifts exceeding ten (10) hours in duration, but were never paid spread of hours premium

39. During his employment by Defendants, Plaintiff never received a proper wage and hour notice upon hiring or upon changes in the information on the notice, as required under the NYLL. In fact, Plaintiff was never provided with any wage and hour notices by Defendants. Similarly, Class Members never received proper wage and hour notices upon hiring or upon changes in the information on the notice.

40. During his employment by Defendants, Plaintiff never received a proper wage statement. In fact, Defendants never provided Plaintiff with any wage statements during his employment. Similarly, Class Members never received proper wage statements.

41. Defendants unlawfully failed to pay Plaintiff, FLSA Collective Plaintiffs and Class members either the federal or state minimum wage rate.

42. Defendants unlawfully failed to pay Plaintiff, FLSA Collective Plaintiffs and Class members either the FLSA overtime rate (of time and one-half) or the New York State overtime rate (of time and one-half) for all hours they worked over forty (40) in a workweek.

43. Defendants unlawfully failed to pay Plaintiff and Class Members spread of hours premium for working shifts exceeding ten (10) hours in duration, as required under the NYLL.

44. Defendants unlawfully failed to provide Plaintiff and Class Members with wage and hour notices upon hiring, as required under the NYLL.

45. Defendants unlawfully failed to provide Plaintiff and Class Members with wage statements for each pay period, as required under the NYLL.

46. On or about June 3, 2019, while at Tandoor Palace, in an interaction witnessed by a number of co-workers, Plaintiff complained to Defendant INDERJEET SINGH that he and other employees of the Restaurants were not being paid minimum wages and overtime premium they were legally entitled. Plaintiff requested that Defendants remedy their wage-and-hour policies and pay him and other employees of the Restaurants in accordance with the law. INDERJEET SINGH responded intemperately to Plaintiff's request, stating that Plaintiff was paid well enough, and refusing to pay Plaintiff any more. Plaintiff requested again that INDERJEET SINGH compensate employees in compliance with the law. INDERJEET SINGH then terminated Plaintiff on the spot, in direct retaliation for calling attention to Defendants' rampant wage-and-hour violations and requesting that Defendants remedy their illegal wage-and-hour policies.

47. Plaintiff retained Lee Litigation Group, PLLC to represent Plaintiff, FLSA Collective Plaintiffs and Class members, in this litigation and have agreed to pay the firm a reasonable fee for its services.

## STATEMENT OF CLAIM

### COUNT I

### VIOLATION OF THE FAIR LABOR STANDARDS ACT ON BEHALF OF PLAINTIFF AND FLSA COLLECTIVE PLAINTIFFS

48. Plaintiff realleges and reavers Paragraphs 1 through 47 of this class and collective action Complaint as if fully set forth herein.

49. At all relevant times, Defendants were and continue to be employers engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207 (a). Further, Plaintiff and FLSA Collective Plaintiffs are covered individuals within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207 (a).

50. At all relevant times, Defendants employed Plaintiff and FLSA Collective Plaintiffs within the meaning of the FLSA.

51. At all relevant times, the Corporate Defendant had gross annual revenues in excess of $500,000.00.

52. At all relevant times, the Defendants engaged in a policy and practice of refusing to pay Plaintiff and FLSA Collective Plaintiffs the federal minimum wage.

53. At all relevant times, Defendants engaged in a policy and practice of refusing to pay overtime compensation at the statutory rate of time and one-half to Plaintiff and FLSA Collective Plaintiffs for all hours worked in excess of forty hours per workweek.

54. Plaintiff is in possession of certain records concerning the number of hours worked by Plaintiff and FLSA Collective Plaintiffs and the actual compensation paid to Plaintiff and FLSA Collective Plaintiffs. Further records concerning these matters should be in the possession and custody of the Defendants. Plaintiff intends to obtain all records by appropriate discovery proceedings to be taken promptly in this case and, if necessary, will then seek leave of Court to amend this Complaint to set forth the precise amount due.

55. Defendants failed to properly disclose or apprise Plaintiff and FLSA Collective Plaintiffs of their rights under the FLSA.

56. As a direct and proximate result of Defendants' willful disregard of the FLSA, Plaintiff and FLSA Collective Plaintiffs are entitled to liquidated (i.e., double) damages pursuant to the FLSA.

57. Due to the intentional, willful and unlawful acts of Defendants, Plaintiff and FLSA Collective Plaintiffs suffered damages in an amount not presently ascertainable of unpaid minimum wage, overtime wages, plus an equal amount as liquidated damages.

58. Plaintiff is further entitled to an award of damages under FLSA's anti-retaliation provision, based on the retaliation he suffered during his employment, resulting in his termination.

59. Plaintiff and FLSA Collective Plaintiffs are entitled to an award of their reasonable attorneys' fees and costs pursuant to 29 U.S.C. §216(b).

## COUNT II

### VIOLATION OF THE NEW YORK LABOR LAW ON BEHALF OF PLAINTIFF AND CLASS MEMBERS

60. Plaintiff realleges and reavers Paragraphs 1 through 59 of this class and collective action Complaint as if fully set forth herein.

61. At all relevant times, Plaintiff and Class members were employed by the Defendants within the meaning of the New York Labor Law, §§2 and 651.

62. Defendants willfully violated Plaintiff's and Class members' rights by failing to pay the prevailing New York State minimum wage.

63. Defendants willfully violated Plaintiff's and Class members' rights by failing to pay them overtime compensation at the rate of not less than one and one-half times the regular rate of pay for each hour worked in excess of forty (40) hours in a workweek

64. Defendants willfully violated Plaintiff's and Class members' rights by failing to pay them spread of hours premium for working shifts in excess of ten (10) hours in duration.

65. Defendants failed to provide a proper wage and hour notice, at the date of hiring and annually, to all non-exempt employees per requirements of the New York Labor Law.

66. Defendants failed to provide proper wage statements with every payment as required by New York Lab. Law § 195(3).

67. Plaintiff is further entitled to an award of damages under NYLL's anti-retaliation provision, based on the retaliation he suffered during his employment, resulting in his termination.

68. Due to the Defendants' New York Labor Law violations, Plaintiff and Class members are entitled to recover from Defendants their unpaid minimum wages, unpaid overtime, unpaid spread of hours damages for unreasonably delayed payments, reasonable attorneys' fees, liquidated damages, statutory penalties and costs and disbursements of the action, pursuant to New York Labor Law.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff on behalf of himself, FLSA Collective Plaintiffs and Class members, respectfully requests that this Court grant the following relief:

a) A declaratory judgment that the practices complained of herein are unlawful under the FLSA and the New York Labor Law.

b) An injunction against Defendants and their officers, agents, successors, employees, representatives and any and all persons acting in concert with them as provided by law, from engaging in each of the unlawful practices, policies and patterns set forth herein;

c) An award of liquidated and/or punitive damages as a result of unpaid minimum wage under the FLSA and the New York Labor Law;

d) An award of liquidated and/or punitive damages as a result of Defendants' willful failure to pay minimum wages or overtime compensation for all hours worked over 40 per workweek, pursuant to FLSA.

e) An award of liquidated and/or punitive damages as a result of Defendants' willful failure to pay overtime compensation for all hours worked over 40 per workweek, and spread of hours for all shifts exceeding ten (10) hours in duration, pursuant to the New York Labor Law;

f) An award of statutory penalties as a result of Defendants' failure to comply with New York Labor Law wage notice and wage statement requirements;

g) An award of prejudgment and post judgment interest, costs and expenses of this action together with reasonable attorneys' and expert fees and statutory penalties;

h) Designation of Plaintiff as Representative of the FLSA Collective Plaintiffs;

i) Designation of this action as a class action pursuant to F.R.C.P. 23;

j) Designation of Plaintiff as Representative of the Class; and

k) Such other and further relief as this Court deems just and proper.

## JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands trial by jury on all issues so triable as of right by jury

Dated: August 14, 2019

                        Respectfully submitted,

                        LEE LITIGATION GROUP, PLLC
                        CK Lee (CL 4086)
                        Taimur Alamgir (TA 9007)
                        148 West 24th Street, Eight Floor
                        New York, New York 10011
                        Tel.: (212) 465-1188
                        Fax: (212) 465-1181
                        *Attorneys for Plaintiff,*
                        *FLSA Collective Plaintiffs and the Class*

                  By:   */s/ CK Lee*
                        C.K. Lee, Esq. (CL 4086)