# Lee Litigation Group, PLLC

148 West 24th Street, 8th Floor
New York, NY 10011
Tel: 212-465-1180
Fax: 212-465-1181
info@leelitigation.com

Writer's Direct:   212-661-1008
                   anne@leelitigation.com

June 11, 2020

**Via ECF**
The Honorable Lewis J. Liman, U.S.D.J.
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

*Motion to Seal GRANTED. Instructions for filing under seal are available at the following website: https://nysd.uscourts.gov/sites/default/files/pdf/ecf_training/SDNY%20Sealed%20Filing%20in%20ECF.pdf*

*6/11/2020*

*[signature] LEWIS J. LIMAN, United States District Judge*

Re:   *Perez Ramirez v. A Spice Route, Inc., et al.*
      No. 19-CV-07641-LJL

Dear Judge Liman:

We are counsel to Plaintiff in the above-captioned action. We write to respectfully request that the letter attached as Exhibit A be filed under seal.

During the discovery telehearing on June 4, 2020, the Court had discussed, due to the sensitive nature of the information relating to Plaintiff's ability to obtain a "tax transcript" from the IRS, entertaining a request to seal. In addition, on June 10, 2020 the parties entered into a stipulated Protective Order, which was filed with the Court at Dkt. 56, however it has not yet been So Ordered.

Courts have broad discretion to permit sealing of filed documents. Here, there is good cause to seal the attached letter. "…[C]ourts are typically reluctant to compel [income tax record] disclosure because of both '**the private nature of the sensitive information contained therein**' and 'the public interest in encouraging the filing by taxpayers of complete and accurate returns.'" *Uto v. Job Site Servs Inc.,* 269 F.R.D. 209, 212 (E.D.N.Y. 2010) (quoting *Smith v. Bader*, 83 F.R.D. 437, 438 (S.D.N.Y. 1979)). Although in the subject action, the Court is permitting Defendant to probe the issue of tax reporting, in an attempt to ascertain whether Plaintiff was employed by anyone other than Defendants during the time in which he was employed by Defendants, information regarding the ability of Plaintiff to obtain documentation from the IRS is highly sensitive, private and should be kept confidential as such information includes references to Plaintiff's immigration status, Social Security Number and/or ITIN number. Here the interests of keeping such information private outweigh the public's right of access to same.

As similarly discussed in *Kim v. Kum Gang, Inc.*, 2014 U.S. Dist. LEXIS 77041 at *5 (S.D.N.Y. June 2, 2014), this type of disclosure poses a "real danger of undercutting the protective goals of the remedial statutes under which plaintiffs have sued. They work in an industry that often employs undocumented foreigners. Exposing those individuals to the potential threat of removal or criminal prosecution surely would tend to deter the filing of legitimate lawsuits." *Id*. at 6.

In view of the foregoing, Plaintiff respectfully requests the Court seal the attached letter.

Respectfully submitted,

*/s/ Anne Seelig*
Anne Seelig, Esq.

cc: Defendants via ECF