```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
                                                                  :
SANTIAGO ROCAEL PEREZ RAMIREZ,                                    :
                                                                  :
                        Plaintiff,                                :
                                                                  :      19-cv-7641 (LJL)
            -v-                                                   :
                                                                  :          ORDER
A SPICE ROUTE, INC. d/b/a TANDOOR PALACE,                         :
SATYA FOODS INC. d/b/a A SAFFRON THREAD,                          :
INDERJEET SINGH, and MANVEEN SINGH,                               :
                                                                  :
                        Defendants.                               :
                                                                  :
------------------------------------------------------------------X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 3/24/2021

LEWIS J. LIMAN, United States District Judge:

Defendants move the Court, pursuant to Federal Rule of Civil Procedure 60(b) to vacate the judgment in this case, to force Plaintiff to disgorge the settlement reached between the parties and to reveal information Defendants contend was shared in breach of a settlement agreement and to dismiss the case pursuant to Federal Rule of Civil Procedure 41.  Dkt. No. 86.

The parties resolved this case through a judgment entered on July 24, 2020 in accordance with Defendants' Rule 68 offer of judgment.  Dkt. No. 79.  The offer of judgment was made pursuant to a settlement agreement signed between the parties on July 23, 2020.  Dkt. No. 86-5.  The parties subsequently documented the settlement in an agreement dated September 3, 2020, pursuant to which Defendants paid a sum of money in exchange for a release by Plaintiff.  *Id.*  The parties also agreed to keep the settlement confidential.  *Id.*  The parties agreed that any action arising out of the agreement would be brought in the Southern District of New York or "in the event that this court lacks or declines jurisdiction over any such litigation, . . . [in] the courts of the state of New York having jurisdiction over New York County."  *Id.*  By resolving the case through a Rule 68 offer of judgment and a private settlement agreement, the parties avoided the requirement that the settlement of a FLSA lawsuit be approved by the Court and the settlement agreement be filed on the public docket.  *See Mei Xing Yu v. Hasaki Restaurant, Inc.*, 944 F.3d 395, 414 (2d Cir. 2019) (holding that "judicial approval is not required of Rule 68(a) offers of judgment settling FLSA claims.").

Defendants argue that Plaintiff or his lawyer breached the settlement agreement by disclosing to a lawyer pursuing another FLSA lawsuit on behalf of a different employee, 20-cv-9571 (GW), information they were obliged to keep confidential.  Dkt. No. 86.  The claim is based on the thinnest of reeds.  Defendants in *Martinez v. A Spice Route et al.*, 20-cv-9571, have moved for summary judgment on the theory that, as a result of the impact of the COVID-19 pandemic on its business, the corporate employer did not meet the $500 thousand in revenues requirement to be covered by FLSA.  20-cv-9571, Dkt. No. 22 at 15-18 (S.D.N.Y. Feb. 12,

2021).  In correspondence between the parties to that lawsuit before the filing of the motion, the lawyer for Plaintiffs there pointed out that the motion was a difficult one to resolve on the pleadings and that "this was not an issue in prior cases (not sure whether you were involved as defense counsel)."  Dkt. No. 86-3.  Defendants here surmise that that lawyer in *Martinez* obtained that information from Plaintiff or his lawyer, but—as Plaintiff points out—the information also was readily available from the docket in this case, which any reasonable lawyer would consult.

The motion is denied.  Construing it as a motion directed to the Court's powers to enforce a settlement agreement, the Court lacks jurisdiction to address the motion.  Defendants chose (perhaps for understandable reasons), not to ask the Court to make the settlement agreement part of the judgment or an order in this case or to ask the Court to retain jurisdiction over the agreement.  Having declined to do so, it forewent the ability to ask the Court to enforce the agreement as a matter of ancillary jurisdiction (as the settlement agreement's forum selection clause anticipated might be the case).  *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375 (1994).  Construing the motion as a Rule 60(b) motion to vacate the judgment and assuming that such a motion can be directed to a Rule 68 judgment that has been satisfied, Defendants have failed to show either any fraud in the entry of the judgment or any other reason that justifies relief.  Fed. R. Civ. P. 60(b)(4), (6).  There is no sufficient evidence of a breach and, even if there were, Rule 60(b) cannot be made available on the theory that a settlement agreement was breached after judgment was entered without vitiating the rule of *Kokkonen.  See Hendrickson v. United States*, 791 F.3d 354, 358 (2d Cir. 2015) ("[T]o retain ancillary jurisdiction over enforcement of a settlement agreement, *Kokkonen* prescribes that a district court's order of dismissal must either (1) expressly retain jurisdiction over the settlement agreement, or (2) incorporate the terms of the settlement agreement in the order."); *Scelsa v. City Univ. of N.Y.*, 76 F.3d 37, 40 (2d Cir. 1996) ("In the absence of . . . an independent basis for jurisdiction, a federal court has jurisdiction to enforce a settlement agreement only if the dismissal order specifically reserves such authority or the order incorporates the terms of the settlement.").

The Clerk of Court is respectfully directed to close the motion at Dkt. No. 86.

SO ORDERED.

Dated: March 24, 2021
New York, New York

LEWIS J. LIMAN
United States District Judge

2